LAND ASSOCIATES CORPORATION, Appellant, v. GRAND UNION STORES, INC., Respondent, and Others.— Plaintiff has appealed from an order denying its motion for judgment on the pleadings. Plaintiff is the owner of premises known as 139 Glen street, in the city of Glens Falls. Defendant, Grand Union Stores, Inc., had a lease of such premises and also a lease of the premises known as 141 Glen street, which were not owned by plaintiff. Each lease provided that the premises were to be used as a store for the sale and display of defendant's merchandise. Each lease provided for a basic minimum rental and also made provision for a percentage rental to be fixed at one-eighth per cent of the gross sales made at either store. The owner of a mortgage on premises known as 141 Glen street brought an action to foreclose the same and obtained a final judgment granting such relief. At the foreclosure sale the mortgagee bid in the premises. As a result defendant was required to vacate. Plaintiff then brought this action to have defendant ejected from the premises of which plaintiff is the owner and moved for judgment on the pleadings. The Special Term denied the motion on the ground that the issues raised require a trial. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

HENRY W. SIEGEL, Appellant, v. THE NEW YORK TELEPHONE COMPANY, Respondent.— Appeal from an order denying plaintiff's motion to adjudge defendant in contempt for failure to comply with the terms of an injunction. The motion was heard by the same judge who heard the original action for an injunction. If the affidavits presented an issue of fact those presented by defendant preponderate and show a complete compliance with the judgment. The motion was properly denied. Order affirmed, with twenty-five dollars costs and disbursements. Hill, P. J., McNamee, Crapser and Heffernan, JJ., concur; Bliss, J., votes to modify the order by denying the motion without prejudice and as so modified to affirm, with twenty-five dollars costs.